DICKSON MFG. CO. v. AMERICAN LOCOMOTIVE CO.

(Circuit Court, M. D. Pennsylvania. December 19, 1902.)

No. 1.

1. ARBITRATION—PROVISION IN CONTRACT—CONDITION OF ACTION.

Provision for arbitration in a bill of sale, following after an express agreement to pay, does not, on the arising of a dispute as to whether, under the contract, certain expenses are to be taken as an element of "cost to vendor," make an award of arbitrators a condition precedent to a right of action.

2. ARBITRATION—REVOKING AGREEMENT.

Provision in an arbitration clause in a bill of sale that failure of either party to appoint an arbitrator shall authorize the other to make an ap-

¶ 1. See Arbitration and Award, vol. 4, Cent. Dig. § 30.

pointment for the one in default does not prevent a revocation of the agreement for arbitration.

Alfred Hand and William Hand, for plaintiff.
Woodward, Darling & Woodward, for defendant.

ACHESON, Circuit Judge. Whether the two papers—the primary agreement of June 1 and the bill of sale of June 20, 1901—be read together or separately, the provision for arbitration embraces all disputes, of whatsoever character, that might thereafter arise between the parties touching their contract. The provision in paragraph numbered 7 of the agreement of June 1st (called the "Option Contract") is this:

"In case any difference or dispute shall arise between the parties hereto in respect to the interpretation or carrying out of this instrument or any of its provisions, including the cost of materials, supplies, product finished or in process, such dispute or difference shall be settled as follows: Each party hereto shall appoint one arbitrator or appraiser, and the two so chosen shall select a third. The written award or decision of a majority of such arbitrators shall be final and conclusive."

The paper of June 20th (the bill of sale) provides as follows:

"And said parties further mutually agree for themselves, their heirs, successors, representatives, and assigns, respectively, that any difference or dispute arising in respect to the matters of this paragraph shall be adjusted and settled by arbitration or appraisal and award, as provided in the paragraph numbered 7 of the option contract aforesaid."

If the operative effect of the latter provision is at all less than that of the former provision, it is only because the original agreement had been carried out in part. Certainly, as to everything yet remaining to be done on the one side or the other, the provision for arbitration expressed in the paper of June 20th is as comprehensive as is the seventh paragraph of the agreement of June 1st. No arbitrator or appraiser is named or designated in either of the papers. The arbitrators are to be chosen or selected thereafter, should any future difference or dispute arise. Plainly, the stipulation for arbitration relied on to defeat this action is an attempt to oust the jurisdiction of the courts to determine the rights of the parties.

Upon an examination of the authorities submitted to me, I am satisfied that the decisions of the courts, both of New York and Pennsylvania, are against giving to the stipulation the effect claimed for it by the defendant. But the ruling of the supreme court in Hamilton v. Insurance Co., 137 U. S. 370, 385, 11 Sup. Ct. 133, 34 L. Ed. 708, is decisive against this defense. It was there held that a provision in a policy of fire insurance that "in case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to the amount of such loss or damage, but shall not decide the liability of the company under this policy," cannot be pleaded in bar of an action on the policy; there being no provision in the policy postponing the right to sue until after an award. In the instruments under consideration there is no provision whatever postponing the right to sue until after an award. Moreover, the

stipulation for arbitration follows after an express promise to pay. These two stipulations are distinct and independent. The stipulation to refer is collateral. Neither by express stipulation nor by necessary implication is an award of arbitrators made a condition precedent to a right of action here. The following quotation from the opinion in Hamilton v. Insurance Co., supra, is apt:

"But when no such condition is expressed in the contract, or necessarily to be implied from its terms, it is equally well settled that the agreement for submitting the amount to arbitration is collateral and independent, and that a breach of this agreement, while it will support a separate action, cannot be pleaded in bar to an action on the principal contract."

It is proper for me to state that the dispute which has arisen between these parties does not concern a matter of mere valuation or appraisement. It.involves the interpretation.of their agreement. It requires the determination of the meaning of the words "cost to vendor of the materials, supplies, and product finished or in process," as used by the parties in their contract. The parties differ radically as to what the phrase "cost to vendor" embraces. The difference between them raises the question whether, upon a true construction of the contract, general shop expenses are to be taken as·an element of "cost to vendor."

I cannot concur in the view urged in behalf of the defendant, that the provision in the arbitration clause here that the failure of either party to appoint an arbitrator shall authorize the other party to make an appointment for the one in default, was the grant of a power coupled with an interest, and therefore irrevocable. As it is not in the power of parties to a contract to oust the courts of their jurisdiction, the whole clause for constituting the board of arbitrators necessarily fell when the plaintiff revoked the submission. In such a case as this even an express covenant not to revoke would not prevent a revocation. In its very nature, such an agreement for arbitration as this is revocable. That the plaintiff did duly revoke the agreement for arbitration is clear. The verbal notice to that effect given by the plaintiff's counsel was followed by the plaintiff's letter of February 15, 1902, to the defendant, containing an explicit revocation. Then, on February 17, 1902, before any board of arbitrators had been constituted, this suit was brought; and finally, on March 7, 1902, the plaintiff gave written notice to the arbitrators appointed ex parte that the agreement to arbitrate had been revoked, and suit brought.

The defense based on the arbitration clause will be overruled.